UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. CROOKS,                                    Case No. 12-13365

        Plaintiff,                                  Paul D. Borman
v.                                                   United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                     Michael Hluchaniuk
                                                     United States Magistrate Judge
        Defendant.
_____/

## REPORT AND RECOMMENDATION
## MOTION FOR ATTORNEY FEES UNDER EAJA (Dkt. 27)

## I.  PROCEDURAL HISTORY

Plaintiff Robert L. Crooks filed the instant claim for disability and disability

insurance benefits on September 21, 2009, alleging that he became disabled on

June 18, 2008.  (Dkt. 10-5, Pg ID 188-89).  The claim was initially disapproved by

the Commissioner on February 10, 2010.  (Dkt. 10-3, Pg ID 113).  Plaintiff

requested a hearing and on October 27, 2010, plaintiff appeared with counsel

before Administrative Law Judge ("ALJ") Anthony R. Smereka, who considered

the case de novo.  (Dkt. 10-2, Pg ID 76-111).  In a decision dated January 25,

2011, the ALJ found that plaintiff was not disabled.  (Dkt. 10-2, Pg ID 59-71).

Plaintiff requested a review of this decision on March 7, 2011.  (Dkt. 10-2, Pg ID

56-57).  The ALJ's decision became the final decision of the Commissioner when

the Appeals Council, on April 20, 2012, denied plaintiff's request for review. (Dkt. 10-2, Pg ID 50-52).

On July 31, 2012, plaintiff then filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Paul D. Borman referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits. (Dkt. 4). This matter came before the Court on cross-motions for summary judgment. (Dkt. 13, 19). The undersigned recommended that plaintiff's motion for summary judgment be granted in part and that defendant's motion for summary judgment be denied. (Dkt. 22). This recommendation was adopted by Judge Borman and this matter was remanded for further proceedings. (Dkt. 23, 24, 25).

On November 20, 2013, plaintiff filed a motion for fees and costs under the Equal Access to Justice Act ("EAJA"). (Dkt. 27). Defendant filed a response on December 4, 2013. (Dkt. 29). Plaintiff filed a reply on December 11, 2013. (Dkt. 30). On February 25, 2014, Judge Borman referred this motion to the undersigned under 28 U.S.C. § 636(b)(1)(B). (Dkt. 32).

For the reasons set forth below, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED in part**; and (2) that fees in the

amount of $7621.13 be awarded to plaintiff.

## II.   DISCUSSION

### A.   Whether the Commissioner's Decision Was Substantially Justified

Pursuant to the Equal Access to Justice Act ("EAJA"), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. 28 U.S.C. § 2412(d)(1)(A).  While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *Damron v. Comm'r of  Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997).  The burden rests with the Commissioner to establish that his position was substantially justified, *see E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person."  *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989).  However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified."  *Couch v. Sec'y of Health & Hum. Servs.*, 749 F.2d

3

359, 359 (6th Cir. 1984).

According to plaintiff, the Commissioner's lack of substantial justification in the pre-litigation action of the Agency is shown by the fact that the Court found that the ALJ failed to consult a medical expert in making the equivalency determination and failed to address the fact of plaintiff's obesity and his ability to perform work-related activities, finding "it is not clear to the undersigned that the ALJ sufficiently accounted for the effect that obesity has on Plaintiff's depression and his knee arthritis."  (Dkt. 22, Pg ID 531).  Plaintiff asserts that where legal error results in reversal of the ALJ's decision, and where such legal error is contrary to "clearly established statutory and court precedent," the Commissioner's position before the agency is not substantially justified.  *See Pierce v. Underwood*, 487 U.S. 552, 561-62 (1988); *Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003).  Plaintiff contends that here, the ALJ's decision did not conform to legal criteria and he clearly failed to follow established law because he did not discuss in his opinion whether plaintiff's impairment or combination of impairments medically equaled a listing, and did not rely on any medical opinion on the issue of equivalence.  Plaintiff noted that there was no signature by a medical professional on the Disability Determination Transmittal form or the PRFCA form, as required by SSR 96-6p (allowing for expert opinion to take form of signature of State agency medical consultant on the DDT form).

4

The ALJ also completely omitted any mention of plaintiff's obesity in the decision, and thus failed to comply with SSR 02-1p, and, as a result of the case being remanded, found that plaintiff's credibility would "necessarily require re-evaluation." (Dkt. 22, Pg ID 520). Plaintiff further argues that the fact that he did not prevail on all issues should not result in a denial of attorney fees, and that remand on one issue has been held sufficient enough reason for an EAJA award. *See Pierce*, 487 U.S. 552; *see also Renneker v. Comm'r of Soc. Sec.*, 2011 WL 6950510, at *4 (S.D. Ohio Dec. 8, 2011) ("[W]hether plaintiff is entitled to EAJA fees is not dependent on her win/loss average but, rather, on whether the Commissioner has a reasonable basis in law and fact to challenge plaintiff's claims."), *adopted as modified by*, 2012 WL 12696 (S.D. Ohio Jan. 4, 2012). Plaintiff concludes that in both respects – Step Three and SSR 02-1p – the Commissioner's own rules and regulations were not followed, and thus the Commissioner's position was not substantially justified.

According to the Commissioner, the government's position meets the substantial justification standard. The Commissioner argues that the undersigned rejected two of the arguments plaintiff raised on summary judgement – that the ALJ did not properly evaluate the treating physicians' opinions and impermissibly rejected his Global Assessment of Functioning ("GAF") scores – which the Commissioner contends is an important consideration when determining whether

the government's position was substantially justified.  The Commissioner

contends that it is significant that the Court remanded this matter in part based on

an issue that plaintiff never raised in his brief – the ALJ's failure to consult a

medical expert in making the equivalency determination – and that the

Commissioner therefore never had an opportunity to respond to or address this

issue and behaved reasonably in defending the ALJ's decision.  The

Commissioner further argues that the Court has previously considered this issue

and found that the government was substantially justified for defending the

Commissioner's decision despite the use of a single decisionmaker and the lack of

a medical expert opinion on equivalence at step three.  *See Harris v. Comm'r of*

*Soc. Sec.*, 2013 WL 3497682, at *3 (E.D. Mich. July 11, 2013).  The

Commissioner further contends that it was substantially justified in defending the

ALJ's decision with respect to plaintiff's obesity because there is no opinion of

record demonstrating that plaintiff's obesity produced limitations and thus

plaintiff failed to show that his obesity increased the severity of his other

impairments or affected his mobility to a greater extent than reflected in the ALJ's

RFC finding.  The Commissioner concludes that, based on this lack of evidence or

medical opinion suggesting greater limitations, the Commissioner had a rational

basis in defending the ALJ's decision.

      In this case, the undersigned finds that the Commissioner has not met its

burden of showing that its position was substantially justified.  After review of the record, the Court previously found that the ALJ failed to obtain an expert's opinion as to whether plaintiff's impairments medically equal a listing, as required by SSR 96-6p, and thus remanded this matter so that the ALJ can obtain the opinion of a qualified medical advisor on the issue of equivalence.  (Dkt. 22, Pg ID 514-20).  The Court stated that "given these conclusions, plaintiff's credibility will necessarily require re-evaluation."  (Dkt. 22, Pg ID 520).  The Court also found that "the ALJ makes no reference at all to plaintiff's obesity in his discussion of the medical evidence, in his RFC finding, or anywhere else in his decision, despite record evidence that plaintiff was diagnosed with obesity," and that "the complete exclusion of any mention of plaintiff's obesity makes it impossible for the undersigned to tell if the ALJ actually considered this condition in formulating the RFC," and thus "the ALJ erred by failing to consider the impact of this condition as required by SSR 02-1p."  (Dkt. 22, Pg ID 530-31).

The Sixth Circuit has ordered awards of attorneys' fees under the EAJA where the government's litigating position was inconsistent with established precedent.  *See e.g.*, *Caremore, Inc. v. NLRB*, 129 F.3d 365, 371 (6th Cir.1997); *see also Walker v. Astrue*, 2010 WL 596451, at *2 (N.D. Ohio Feb. 16, 2010).  In addition, "Social Security Rulings are binding on all components of the Social Security Administration.  These rulings represent 'precedent final opinions and

orders and statements of policy and interpretations that [the Social Security Administration] ha[s] adopted.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006) (quoting 20 C.F.R. § 402.35(b)(1)).  Here, the ALJ's failure to obtain the opinion of a qualified medical advisor on the issue of equivalence violated SSR 96-6p, and the ALJ's failure to properly assess and consider plaintiff's obesity violated SSR 02-1p.  Thus, in rendering his decision, the ALJ failed to follow the Commissioner's own rules and ran contrary to established legal precedent.  The Commissioner's post-hoc rationalization of the ALJ's obesity findings (or lack thereof) and the single decisionmaker issue cannot change this fact, as the Court must confine its review to the reasons articulated by the ALJ.  Because the ALJ did not explain how he factored plaintiff's obesity into his overall analysis, and did not obtain the opinion of a medical advisor on the issue of equivalence, much less discuss whether plaintiff's physical impairments, alone or in combination, medically equal a listing, the Commissioner's reasoning is not well supported.  *See Coates v. Colvin*, 2014 WL 1389328, at *2 (E.D. Mich. Apr. 9, 2014) ("It is well settled that an ALJ must provide specific analysis as to why a claimant does or does not meet or equal a listing at step three."); *see also Fleming v. Astrue*, 2011 WL 4585240, at *2 (N.D. Ill. Sept. 27, 2011) (government not substantially justified when the ALJ did not explain how she considered the plaintiff's obesity into her overall analysis because "the ALJ's

failure to properly assess and consider Fleming's obesity violated SSR 02-1p, the Commissioner's own rule, and ran contrary to established legal precedent."); *Smith v. Astrue*, 2011 WL 4372593, at *2 (S.D. Ill. Sept. 19, 2011) (government's position not substantially justified when the ALJ failed to conduct any analysis of the effect of plaintiff's obesity on his RFC). The undersigned is not persuaded that merely because the Court ultimately found only two errors to exist (one of which was not raised by plaintiff), rather than multiple errors as claimed by plaintiff, the government has met its burden of establishing that its position was substantially justified.[1] *See Renneker*, 2011 WL 6950510, at *4 ("[W]hether plaintiff is entitled to EAJA fees is not dependent on her win/loss average but, rather, on whether the Commissioner has a reasonable basis in law and fact to challenge plaintiff's claims. In light of the aforementioned failures of the ALJ to adhere to Social Security regulations and create a sufficient record, the Commissioner's position that plaintiff did not win 'enough' to justify as award is not substantially justified.") (internal citation to *Pierce*, 487 U.S. at 565 omitted). Viewing the government's litigation in its entirety, the Commissioner was not

---

[1] The case cited by the Commissioner in support of its argument, *Harris v. Comm'r of Soc. Sec.*, is distinguishable because in that case the matter was remanded solely for an issue that was not raised by the plaintiff, but was raised for the first time by the Court – the use of a single decisionmaker. *Id.*, 2013 WL 3497682 at *3 (noting plaintiff's grounds for relief were rejected). Here, however, as explained above, the Court remanded this matter because of the ALJ's failure to consider plaintiff's obesity, in addition to the single decisionmaker issue, and directed that plaintiff's credibility be reassessed on remand as well.

substantially justified in defending a decision that failed to follow well-established procedures and precedent.  As such, the undersigned concludes that defendant's position was not "substantially justified" in this matter and fees should be awarded.

**B.      Whether the Fees Requested are Reasonable**

**1.      Hourly rates**

The EAJA permits an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)(A).  Plaintiff bears the burden of proving the reasonableness of the fees requested.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Courts regularly utilize the lodestar approach to calculate attorney fees, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blanchard v. Berteroa*, 489 U.S. 87, 94 (1989).  The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour, unless an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Although the EAJA limits attorneys fees to the litigation process, *id*. § 2413(a)(1), this includes the EAJA application process.  *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 162 (1990).  While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented.  *Hensley*, 461 U.S. at 433-34.

Plaintiff has requested fees for 33.94 attorney hours, 0.92 law clerk with

10

J.D. hours, and 38.58 law clerk hours, for a total fee request of $10,041.78.[2]

Defendant argues that the fee request in this case is excessive primarily because

plaintiff has not established that the fees should exceed the $125 per hour statutory

cap.  The EAJA generally caps the hourly rate for attorney's fees at $125 per hour.

*See* 28 U.S.C. § 2412(d)(2)(A).  "[T]he statutory rate is a ceiling and not a floor."

*Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).

Plaintiff seeks to recover at a rate of $178.77 per hour for attorney work performed

in 2012 and $181.75 for work done in 2013, representing the cost of living

adjustments.  (Dkt. 30, Pg ID 645; Dkt. 30-1).[3]  The EAJA specifies that

"attorney's fees shall not be awarded in excess of $125 per hour *unless* the court

determines that an increase in the cost of living or a special factor, such as the

limited availability of qualified attorneys for the proceedings involved, justifies a

higher fee."  28 U.S.C. § 2412(d)(2)(A) (emphasis added).  The Sixth Circuit has

determined that whether a cost of living adjustment above the statutory cap is

---

[2] This revised request set forth in plaintiff's reply brief reflects an adjustment in the attorney hourly rates, a reduction in Ms. Blaz's time, and the addition of time spent preparing the reply brief in support of his petition for fees, which is allowed under the EAJA.  *See Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp.2d 797, 806 (N.D. Ohio 2013) ("A court may compensate a claimant for the value of attorney services rendered in defending the propriety of an EAJA award, including a reply brief and supplemental application.") (collecting cases).  Plaintiff did not move for associated costs or expenses.

[3] Plaintiff initially sought fees at an hourly rate of $184.38 for the attorney work performed in 2012 and an hourly rate of $186.63 for the attorney work performed in 2013, based in part on the CPI rates nationally (U.S. city average).  (Dkt. 27).  However, in his reply brief, plaintiff acknowledged that the CPI rates nationally and for the Detroit-Ann Arbor-Flint area are slightly different, and thus adjusted the rates accordingly.  (Dkt. 30, Pg ID 645).

warranted is a matter committed to the district court's discretion, and that a district court generally acts well within its discretion when it declines to make such an adjustment. *See Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). When requesting an award for attorney fees in excess of $125 per hour, the claimant bears the burden of providing appropriate evidence to support the increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). The Sixth Circuit has required claimants to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (citation and internal quotations omitted). The Sixth Circuit has rejected attorney fee requests seeking a higher rate where the plaintiff relied solely on the Department of Labor's Consumer Price Index (CPI). *Id.*; *see also Sleight v. Comm'r of Soc. Sec.*, 2012 WL 4006684, at *2 (E.D. Mich. Sept. 12, 2012) (rejecting claim for fees in excess of $125 where the plaintiff provided no evidence that the fees requested were in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation and where the plaintiff only submitted the CPI); *Page v. Astrue*, 921 F. Supp.2d 746, 748 (E.D. Mich. 2013) (same).

In this case, however, plaintiff provides evidence similar to that provided in

12

*Darling v. Comm'r of Soc. Sec.*, 2012 WL 4759203 (E.D. Mich. Oct. 5, 2012).  In

that case, Judge Goldsmith noted that plaintiff had offered far more than just the

CPI evidence in *Bryant* and described this evidence as follows:

> However, the Magistrate Judge did not mention the other
> form of evidence offered by Plaintiff in support of his
> request for a rate adjustment: affidavits offered by two
> individuals who are familiar with the landscape of the
> Social Security bar in Michigan. The first affidavit is
> offered by Dannelly Smith, a non-attorney who has been
> representing claimants before the Social Security
> Administration at all levels of review for over thirty
> years and has "extensive knowledge of the base of
> attorneys ... willing to take [Social Security] claims to
> Federal Court."  The gist of Smith's testimony is that (I)
> there is a significant shortage of attorneys in Michigan
> who are willing to litigate Social Security appeals in
> federal court due to the demanding and time-consuming
> nature of the work, (ii) those attorneys who are willing to
> litigate Social Security appeals are extremely selective in
> the cases they accept and commonly reject appeals that
> are likely meritorious, and (iii) Plaintiff's counsel "is
> more open in his willingness to take cases" and his
> services "are indispensable to many of [Smith's] clients"
> who would not otherwise be able to procure counsel to
> file an appeal in federal court.
>
> The other affidavit is offered by Evan Zagoria, a
> Michigan attorney (unaffiliated with Plaintiff's counsel
> in this case) whose practice consists primarily of
> litigating Social Security disability claims before the
> Social Security Administration. Zagoria states that he
> will only proceed with an appeal in federal court on
> behalf of a claimant if he also represented that claimant
> before the Social Security Administration; that is, he
> "will not accept other representative's clients who were
> denied benefits by an administrative law judge." Zagoria

> explains that Social Security appeals are generally
> time-consuming and not lucrative, making the
> "risk/reward factor unfavorable," and that he has been
> unable to find local attorneys to handle those Social
> Security appeals he cannot handle on his own.

*Id.* at \*2.  Judge Goldsmith concluded that this evidence was satisfactory and

plaintiff met his burden of showing that a "special factor" – the limited availability

of qualified attorneys for the proceedings involved – justified the adjustment.  *Id.*

at \*3.

The Commissioner does not offer any basis to distinguish *Darling* from the

present circumstances.[4]  Here, as in *Darling*, in addition to plaintiff's attorney's

affidavit and the CPI evidence, plaintiff presented the affidavit of Danelley Smith

attesting to the lack of availability of attorneys willing to litigate Social Security

appeals in federal court in Southeast Michigan due to the demanding and

time-consuming nature of the work, and the affidavit of Evan Zagoria, stating that

---

[4] The Commissioner cites to *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009), and *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011), in support of its argument that plaintiff's counsel should be limited to the statutory cap of $125 per hour.  However, both cases are distinguishable from *Darling* in that the plaintiffs in those cases did not provide the same support for their request for attorneys fees.  In *Bryant*, the plaintiff submitted only the Department of Labor's CPI and argued that the rate of inflation supported an increase in fees, and the court held that such evidence was not enough.  *Bryant*, 578 F.3d at 450.  Similarly, in *Mathews-Sheets*, which the undersigned notes is not binding precedent on district courts within the Sixth Circuit, plaintiff sought fees at an hourly rate of $225, based solely on a claim that it was the prevailing market rate for his services to his client, and his citation, on reply, to the Consumer Price Index.  *Mathews-Sheets*, 653 F.3d at 562-63.  Plaintiff also cites to *Grooms v. Comm'r of Soc. Sec.*, 2011 WL 4536886 (E.D. Mich. Sept. 13, 2011) and *Gay v. Colvin*, 2013 WL 4604177 (E.D. Mich. Aug. 29, 2013), but in those cases plaintiff relied on evidence focusing on hourly rates for attorneys practicing in the Chicago area, not in the Eastern District of Michigan, and a National Law Journal survey of attorney rates.

14

he represents claimants filing for disability insurance benefits before the Social

Security Administration, that Social Security appeals are generally time-

consuming and not lucrative, that he has enlisted the services of Frederick Daley

over the past year or so, but has been unable to find local attorneys to handle the

court cases for other's work.  (Dkt. 27-4).[5]  In addition, plaintiff here attached the

2010 Economics of Law Practice Attorney Income and Billing Rate Summary

Report (Dkt. 27-5), and the 2010 National Utilization and Compensation Survey

Report regarding Paralegal Billing Rates.  (Dkt. 27-8).  Thus, the undersigned

suggests that plaintiff has submitted ample evidence in support of the requested

hourly rates.  *See Darling*, 2012 WL 4759203, at *2; *see also Poholski v. Comm'r

of Soc. Sec.*, 2014 WL 1775688, at *2 (E.D. Mich. May 5, 2014) (awarding hourly

rate of $181.63 based on affidavit of plaintiff's counsel, the CPI, the 2010 State

Bar of Michigan Economics of Law Practice Survey, and affidavits of other

attorneys); *Caldwell v. Comm'r of Soc. Sec.*, 2013 WL 4830953, at *5 (S.D. Ohio

Sept. 10, 2013) (noting plaintiff submitted affidavits of other attorneys

experienced in Social Security disability cases, as well as an Ohio State Bar

Association survey conducted in 2010 showing the prevailing market rates for

---

[5] Plaintiff also attached three other affidavits from local attorneys attesting to their hourly rates.  (Dkt. 27-4).  However, these attorneys do no state that they practice Social Security disability law, and thus their hourly rates are not relevant to this decision.  And, plaintiff attached to his reply brief the 2007 Economics of Law Practice, which takes into consideration Social Security petitioners and recognized that the median billing rate for a sole practitioner with one or more associates was $195 per hour.  (Dkt. 30-2).

15

2:12-cv-13365-PDB-MJH   Doc # 33   Filed 06/02/14   Pg 16 of 22   Pg ID 709

attorneys in various categories), *adopted by* 2013 WL 5521960 (S.D. Ohio Oct. 3, 2013). Moreover, there are a number of recent cases in this District where the Commissioner has not objected to similar rates. *Hamilton v. Comm'r of Soc. Sec.*, 2011 WL 10620498 (E.D. Mich. Aug. 15, 2011) (finding the hourly rate of $170 to $172 for Daley's firm consistent with prevailing EAJA rates in this district), *adopted by* 2013 WL 1759137 (E.D. Mich. Apr. 24, 2013); *Phillips v. Comm'r of Soc. Sec.*, 2013 WL 5313200 (E.D. Mich. Sept. 20, 2013) (finding $173.00 per hour to be a reasonable rate); *Cowart v. Comm'r of Soc. Sec.*, 795 F. Supp.2d 667, 671 (E.D. Mich. 2011) ($173.00 per hour was a reasonable rate for work performed from November 2008 to June 2010).[6] The undersigned finds that plaintiff has presented the type of evidence as contemplated by *Bryant* to establish an increase in the hourly rate. Consequently, plaintiff will be awarded fees at an hourly rate of $178.77 per hour for attorney work performed in 2012 (2012 CPI of 216 divided by March 1996 CPI of 151.3 multiplied by $125.00) and $181.75 for work done in 2013 (August 2013 CPI of 220 divided by 151.3 multiplied by

---

[6] The undersigned acknowledges that the Commissioner has not waived the right to object to plaintiff's requested fee rate simply because the Commissioner has not objected to similar rates in other cases. Rather, the undersigned only points this out as further evidence of the "prevailing rate" in this District for similar work by attorneys of comparable experience. *See Herold v. Comm'r of Soc. Sec.*, 2012 WL 6675936, at *4 (S.D. Ohio Dec. 21, 2012) ("The Court is permitted to consider evidence of legal fees charged in the same geographical area, as well as take judicial notice of the historical fee reimbursement rate in this district, in determining the prevailing market rate for the case before the Court.") (collecting cases), *adopted by* 2013 WL 228035 (S.D. Ohio Jan. 22, 2013).

$125).

The Commissioner also objects to the request of $125 per hour for work performed by law clerk Suzanne E. Blaz, arguing that although Ms. Blaz has a juris doctorate, the tasks she performed (such as drafting and faxing extension requests to the Appeals Council, assigning briefs to other attorneys, downloading files, filing appearances) did not require a law degree, and Ms. Blaz should be awarded the same rate as a paralegal.  Plaintiff, in response, agreed to reduce Ms. Blaz's hours by 1.65, due to duplication by other persons, which reduces her hours to only 0.92 hours, which plaintiff asserts was spent reviewing and editing court forms, assigning documents and discussing the case with the U.S. Attorney.  The undersigned agrees that $125 per hour is a reasonable rate for the work performed by Ms. Blaz. *See Ralston v. Astrue*, 2011 WL 7299836, at *6 (E.D. Mich. Aug. 30, 2011) (finding $125.00 to be a reasonable hourly rate for Ms. Blaz, and collecting cases finding the same), *adopted by* 2012 WL 479831 (E.D. Mich. Feb. 14, 2012).  Finally, the Commissioner does not object to the hourly rates sought for paralegal/law clerk time, and such time will be compensated at the rate of $100 per hour.

### 2.    Number of hours

According to the Commissioner, the Sixth Circuit has noted that the average amount of time spent on a social security appeal is between 30-40 hours, *see*

17

*Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990), and that the Court must exclude time that is duplicative, repetitive or unnecessary. *Hensely v. Eckerhart*, 461 U.S. 424, 433-34 (1983). The Commissioner generally argues that the number of hours requested in plaintiff's motion is excessive, but fails to identify any specific hours or billing entries that should be reduced. The Commissioner argues that the hours spent by several of the attorneys and law clerks overlap and that the hours billed for plaintiff's standard objections far exceed the normal time required.

Here, it is plaintiff's burden to prove the reasonableness of the fees he has requested, *Grooms*, 2011 WL 4536886, at *2, and plaintiff has submitted a time log of the work performed in this matter. (Dkt. 27-3, 30-1). The Commissioner has failed to point to any specific hours that are excessive or unreasonable, and as the court recognized in *Grooms*, "the mere fact that it takes an attorney more than 40 hours to complete work on a Social Security case does not mean that it is per se unreasonable and warrants a reduction." 2011 WL 4536886, at *3 (holding that 62 hours of attorney time spent on entirety of social security case was reasonable). However, the undersigned notes that, for the October 16, 2012 through November 7, 2012 timer period, plaintiff's time entries include 35.13 hours for law clerk Brynna Gang, essentially all concerning the drafting of plaintiff's motion for summary judgment ("file review for MSJ," "creating outline for use in MSJ,"

18

"writing MSJ," "research for MSJ," "editing draft/checking citations for MSJ"), as well as an additional 15.33 hours on plaintiff's motion for summary judgment by attorney Kellie Schneider ("Review draft of Brief, Make edits and corrections," "Review parts of Administrative Record to include additional supporting medical evidence," "Formulate additional argument and add additional supporting medical evidence to brief," "Final Edits and File via ECF").  (Dkt. 30-1).  Thus, of plaintiff's requested fees for 73.44 hours, 50.46 hours were expended on plaintiff's motion for summary judgment.

As very recently recognized, "[i]n this circuit, the number of hours generally expended in pursuit of social security appeals falls within the range of 'twenty to thirty hours' with forty hours representing the 'outer limits' of a reasonable amount of time to spend in a case of this type."  *Coates v. Colvin*, 2014 WL 1389328, at *4 (E.D. Mich. Apr. 9, 2014) (collecting cases).  Whether fees are reasonable requires a consideration of the totality of the circumstances. *Blanchard*, 489 U.S. at 94-95.  In determining the reasonableness of a fee request, courts should consider "individual characteristics, including, but not limited to, the complexity of the case or the novelty of the issues" and the experience of the attorney.  *Glass v. Sec'y of Health & Human Servs.*, 822 F.2d 19, 22 (1987).  The undersigned finds that plaintiff's case presented no inordinately complex or novel question of law or fact.  Rather, plaintiff presented rather routine objections.  In

addition, the transcript was not unduly long (384 pages), and plaintiff's counsel

specializes in litigating social security cases.  Therefore, expending over 50 hours

for work on a summary judgment motion is excessive.  The undersigned suggests

that in this case it is reasonable to bill 30 hours to the preparation and filing of

plaintiff's motion for summary judgment, and thus the requested hours will be

reduced to 30 hours (20 hours for law clerk Gang (not 35.13) and 10 hours for

attorney Schneider in 2012 (not 15.33)).  *See Caldwell v. Comm'r of Soc. Sec.*,

2013 WL 4830953, at *7 (S.D. Ohio Sept. 10, 2013) (23.6 hours reasonable for

summary judgment motion), *adopted by* 2013 WL 5521960 (S.D. Ohio Oct. 3,

2013); *Renneker*, 2011 WL 6950510, at *8 (27.5 hours reasonable).  Otherwise,

the undersigned suggests that plaintiff's request for attorney fees is fair and

reasonable.

     Based on the foregoing, the undersigned concludes that plaintiff should be

awarded the following attorney fees in this case:

| | | |
|---|---|---|
| 2012 Attorney Hours:[7] | 13 hours @ $178.77 | $2324.01 |
| 2013 Attorney Hours: | 15.61 hours @ $181.75 | $2837.12 |
| Law clerk hours (with J.D.): | 0.92 hours @ $125.00 | $115.00 |
| Law clerk hours: | 23.45 hours $100 | $2345.00 |
| Total Fees: | | $7621.13 |

---

[7] Plaintiff incorrectly listed the first four time entries for Kellie Schneider as 2013, when they should have been listed as November 6, 7 2012.  (*See* Dkt. 30-1).

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED in part**; and (2) that fees in the amount of $7621.13 be awarded to plaintiff.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 2, 2014                         s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I certify that on June 2, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kelie C. Schneider, William W. Watkinson, Jr. Frederick J. Daley, Jr., Niranjan Emani, Susan K. DeClercq, AUSA, and the Commissioner of Social Security.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov